No. 20941.

DOROTHY STANLEY *v.* BYRON A. ANDERSON,
AS SECRETARY OF STATE OF THE STATE OF COLORADO.
(408 P.2d 984)

Decided December 20, 1965.

MARKS and ZELINGER, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, RICHARD W. BANGERT, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THE plaintiff in error will be referred to as the applicant; the County Commissioners of Adams county as the commissioners; and Byron A. Anderson, as Secretary of State of Colorado, will be mentioned as the Secretary.

On or about December 11, 1962, applicant filed with the commissioners her application for a retail liquor store license. On January 14, 1963, a hearing on the application was held by the commissioners. On January 21, 1963, the commissioners approved the application and forwarded it as approved to the state licensing authority. Some time in the early part of February, 1963, the state licensing authority denied the applicant's request, and advised the applicant in writing the reason for and the ground upon which the application was denied.

Shortly after receipt of the written notice of denial and on or about March 4, 1963, the applicant filed in the district court in and for the county of Adams, a Petition and Complaint in the nature of mandamus seeking to compel the state licensing authority to grant to applicant a retail liquor store license. The district court thereupon issued, ex parte, its Order for Citation requiring the state licensing authority to show cause why a liquor license should not be granted to applicant, and

further, to certify to the district court a transcript of the record and proceedings of the state licensing authority. Within apt time the state licensing authority answered the citation. He admitted the chronology and the facts of the application and also its denial. He denied, however, the alleged invalidity of his act of denying the application, and that he acted arbitrarily and capriciously. Also, at the time of the Answer, the state licensing authority submitted to and filed with the court a certified transcript of the record and proceedings up to the time of the filing of the petition by the applicant.

On March 25, 1963, the district court held a preliminary hearing upon the Order for Citation, and found, *inter alia*, "that the proceeding held by the Secretary of State was inadequate" and ordered the state licensing authority to "hold a formal hearing." On April 9, 1963, Mr. Byron A. Anderson, as the state licensing authority, held a hearing pursuant to the order of the district court. At the conclusion of the hearing the application was again denied. The reason assigned by the Secretary for his refusal to issue the license was that there had been no compliance with the statutory requirements pertaining to notice of hearing upon an application for a liquor license.

It is the contention of the applicant that:

"A. The Secretary of State does not have statutory authority to inquire into the adequacy of posting, once the local licensing authority has made its determination of such question"; and that,

"B. even if such authority existed, the Secretary of State was arbitrary, capricious and abusive of his discretion in finding that the subject premises were not properly posted."

The pertinent statutory provisions are as follows: C.R.S. 1963, 75-2-10.

"NOTICE OF HEARING ON APPLICATION. In addition to all other provisions for the regulation and

control of licensing the manufacture and sale of alcoholic liquors as provided by articles 1 and 2 of this chapter, it is hereby further provided that *it shall be unlawful for the county authorities of any county* or the officers of any municipality to issue or transfer location of any license to sell any malt, vinous, or spirituous liquors or fermented malt beverages in less than twenty days after application for such license has been made and until not less than ten days notice of the time and place of the hearing on such application has been made, either by posting a sign in a conspicuous place on the premises sought to be licensed or by publication of notice in a newspaper of general circulation published in the county in which said premises are located, as said licensing authority may require. The provisions of this section shall not apply to the renewal of licenses upon application for such renewal as provided by law. * * *" (Emphasis supplied.)

C.R.S. 1963, 75-2-8, relates to the duties of the Secretary and reads in part as follows:

"REFUSAL OF LICENSE – RECORDS. (1) The state licensing authority shall refuse a state license if the premises on which the applicant proposes to conduct its business do not meet the requirements of this article, or if the character of the applicant or its officers or directors is such that violations of this article would be likely to result if a license were granted, or if in its opinion licenses already granted for the particular locality are adequate for the reasonable needs of the community."

The two sections of the statute must be read together in order to determine what the legislature intended. It is apparent that the legislature has seen fit to permit the applicant to give notice of hearing either by "posting a sign," or by "publication of a notice in a newspaper" published in the county. In the instant case the notice was ordered to be given by "posting a sign in a conspicuous place on the premises." In directing the

issuance of a county license the commissioners found that there had been compliance with this requirement over which they had exclusive control.

By the express provisions of C.R.S. 1963, 75-2-8 the Secretary is authorized and directed to refuse to grant a license for the failure of an applicant to meet statutory requirements in three particulars only, viz:

(1) That the premises for which the license is sought do not meet the requirements of the law; (2) that the character of applicant or its officers is such that violation of the liquor law would likely result; and (3) that existing outlets are adequate for the reasonable needs of the community. We hold that the question of whether there has been compliance with the requirement that notice of hearing be given upon the application for a county license is a matter which has been specifically and exclusively entrusted to the local licensing authority.

In the instant action, when the Secretary refused to issue the license on the ground that the posting of notice of hearing before the commissioners was inadequate, he was exercising a power which he did not possess. The determination of the commissioners on that issue was binding upon him. The action based on his inquiry and conduct in the matter is therefore a nullity.

The judgment is reversed.

MR. JUSTICE SCHAUER not participating.

MR. JUSTICE MCWILLIAMS dissents.

MR. JUSTICE MCWILLIAMS dissenting:

I dissent, as in my view the majority of this court have so construed C.R.S. 1963, 75-2 as to undermine what is to me a rather broad authority vested in the Secretary of State to regulate and control the manufacture and sale of malt, vinous and spirituous liquors within the state.

All sections in C.R.S. 1963, 75-2 must of course be read and considered together, as a whole. C.R.S. 1963, 75-2-6 provides, in part, as follows:

*"The Secretary of State shall be the executive in charge of the enforcement of the terms and provisions of this article,* and as the state licensing authority his duties shall be as follows: to grant or refuse licenses for the manufacture and sale of malt, vinous and spirituous liquors, as provided by law. . . . ." (Emphasis supplied.)

One of the many "terms and provisions" contained in the article with which we are here concerned is to be found in C.R.S. 1963, 75-2-10, which provides, in part, as follows:

"it shall be unlawful for the county authorities of any county . . . . to issue . . . . any license to sell any malt, vinous or spirituous liquor . . . . until not less than ten days notice of the time and place of the hearing on such application has been made, either by posting a sign in a conspicuous place on the premises sought to be licensed, or by publication . . . ."

Recapitulating, then, C.R.S. 1963, 75-2-6 declares that the Secretary of State *shall* enforce the terms and provisions found in article 2, Chapter 75, C.R.S. 1963, and to me this legislative command means that he shall enforce — not some — but *all* the terms and provisions in the article.

One such "term and provision" is the legislative injunction that a local licensing authority shall not issue a license unless there shall be at least ten days notice of the time and place of the hearing on such application, such notice to be "by posting a sign in a conspicuous place."

All of which means to me, at least, that the Secretary of State should and indeed is bound to enforce the "term and provision" relating to the necessity for adequate notice as to the time and place where the local licensing authority intends to hold a hearing on an application

for a liquor license. To hold otherwise, as the majority of this court have now decreed, means that the Secretary of State will simply *not* be enforcing all the terms and provisions of the particular article here under consideration. Hence, in my view the Secretary of State does have the inescapable statutory duty to see that all the terms and provisions in C.R.S. 1963, 75-2 are being complied with, as he is specifically charged with the duty to see that such are enforced.

Plaintiff in error's further contention that the Secretary of State abused his discretion in holding that the notice in the instant case was defective and did not comply with the applicable statute is in my view untenable. As I read the record, the applicant admittedly placed his notice on the inside *back* wall of a vacant store building where he proposed to conduct his business. In other words, the applicant did not post his notice on the plate glass window located in the *front* of the premises, but chose to put it on the inside *back* wall! Under such circumstances the finding by the Secretary of State that such notice does not comply with the statutory mandate that it be posted in a "conspicuous place on the premises sought to be licensed" is indeed quite proper, and most certainly does not constitute an abuse of discretion. I would therefore affirm the judgment of the trial court.